IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRIK SCHUBERT,<br><br>    Plaintiff,<br><br>  v.<br><br>LAIRD TECHNOLOGIES, INC.; and DOES 1 through 100, inclusive<br><br>    Defendants. | Case No. 09-3703 SC<br><br>ORDER GRANTING DEFENDANT'S <u>MOTION TO DISMISS</u> |

## I. INTRODUCTION

Now before the Court is a Motion to Dismiss the First Cause of Action ("Motion") filed by Defendant Laird Technologies, Inc. ("Laird"). Docket No. 7. Plaintiff Henrik Schubert ("Plaintiff") has submitted an Opposition, Docket No. 12, and Laird has submitted a Reply, Docket No. 13. Having reviewed the papers submitted by both parties, the Court concludes that this matter is suitable for decision without oral argument. For the reasons stated below, the Court GRANTS Laird's Motion. Plaintiff's first cause of action for breach of contract is DISMISSED WITH LEAVE TO AMEND.

## II. BACKGROUND

Plaintiff has filed a California form complaint, alleging four causes of action and requesting exemplary damages. <u>See</u> Notice of

1  Removal, Docket No. 1, Ex. A ("Compl."). The first cause of action
2  purports to state a claim for breach of contract. Id. at 3. The
3  Complaint states:
4      The essential terms of the agreement . . . are as
       follows . . . : After Laird . . . acquired
5      Supercool USA, Plaintiff's former employer, LAIRD
       repeatedly promised plaintiff that LAIRD would
6      continue to employ plaintiff on a permanent full-
       time basis in return for plaintiff's agreement to
7      continue [to] work for the company. Defendant
       repeated this promise orally in early 2007 and in
8      writing in May 2007. . . .
       On or about . . . February 20, 2009 defendant
9      breached the agreement by . . . the following
       acts . . . : LAIRD terminated plaintiff's
10     employment.
11 Id.
12     Only Plaintiff's first cause of action for breach of contract
13 is at issue for the purposes of the present Motion.
14
15 **III.  LEGAL STANDARD**
16     A motion to dismiss under Federal Rule of Civil Procedure
17 12(b)(6) "tests the legal sufficiency of a claim." Navarro v.
18 Block, 250 F.3d 729, 732 (9th Cir. 2001). It requires a court to
19 determine whether a Complaint comports with Federal Rule of Civil
20 Procedure 8(a)(2), which requires that a pleading contain a "short
21 and plain statement of the claim showing that the pleader is
22 entitled to relief." Dismissal can be based on the lack of a
23 cognizable legal theory or the absence of sufficient facts alleged
24 under a cognizable legal theory. Balistreri v. Pacifica Police
25 Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material
26 fact are taken as true and construed in the light most favorable to
27 the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d
28 336, 337-38 (9th Cir. 1996). With regard to well-pleaded factual

allegations, the court should assume their truth, but a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

> [T]he pleading standard [that] Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Id. at 1949.

## IV.   DISCUSSION

Laird argues that Plaintiff's first claim fails to allege a cause of action based on a breach of contract. Mot. at 1. In particular, Laird argues that the claim fails because it does not set out a contract, or it does not allege that Laird breached any contract. Id. at 1, 3. Laird notes that, in California, a contract for "permanent" employment is presumed to be a contract for at-will employment. See Cal. Lab. Code § 2922 ("An employment, having no specified term, may be terminated at the will of either party on notice to the other."); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 335 (2000) ("An at-will employment may be ended by either party at any time without cause, for any or no reason, and subject to no procedure except the statutory requirement of notice." (citation and internal quotation marks omitted)). Laird correctly claims that, based on Plaintiff's own allegations,

3

Plaintiff is presumed to have been an at-will employee, and therefore the contract could not have been breached solely by Laird's termination of Plaintiff.

Plaintiff points out that the presumption of at-will employment is rebuttable. Opp'n at 2-3; see also Guz, 24 Cal. 4th at 335, 342. Indeed, an employer's right to terminate an employee may in some instances be limited by an express or implied agreement to terminate the employee only for "good cause." Guz, 24 Cal. 4th at 336. The California Supreme Court has identified a number of factors that may suggest that an implied limitation exists:

> In the employment context, factors apart from consideration and express terms may be used to ascertain the existence and content of an employment agreement, including "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged."

Foley v. Interactive Data Corp., 47 Cal. 3d 654, 680 (1988).

Plaintiff's Complaint does not include any separate discussion of facts that might give rise to the inference that Plaintiff had a contractual right against at-will termination. The question is therefore whether Plaintiff's threadbare claim that Laird "repeatedly promised plaintiff that LAIRD would continue to employ plaintiff on a permanent full-time basis," if accepted as true, is sufficient to support such an inference. The Court finds that it does not. In this context, where Laird was apparently attempting to persuade Plaintiff to continue his employment during a change of ownership, a mere promise of permanent employment does not suggest anything more than continued at-will employment. Of course, in

reaching this conclusion, the Court by no means wishes to foreclose the possibility that Plaintiff could plead additional facts, policies, practices, discussions, or communications between himself and his employer that would suggest the existence of an implied agreement to limit Laird's right to terminate Plaintiff at will. If Plaintiff can cite facts that support an inference of such an agreement, then Plaintiff may amend this cause of action.

**V.     CONCLUSION**

Plaintiff's first cause of action for breach of contract is DISMISSED WITHOUT PREJUDICE.  Plaintiff is granted leave to amend this cause of action within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated: October 22, 2009

_____
UNITED STATES DISTRICT JUDGE